IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ORELIA FLORES AND | § | |
| RUBEN FLORES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.:_____ |
| | § | |
| | § | **(JURY DEMANDED)** |
| STATE FARM LLOYDS | § | |

## PETITION PROVIDING NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant **STATE FARM LLOYDS** ("State Farm"), pursuant to 28 U.S.C., §1446, filing this its *Petition Providing Notice of Removal* and for cause shows as follow:

### I.

Plaintiffs **ORELIA FLORES** and **RUBEN FLORES** instituted this civil action in the 139TH Judicial District Court of Hidalgo County, Texas against Defendant **STATE FARM LLOYDS**. True copies of all process and pleadings from the state court litigation are contemporaneously filed.

### II.

This action is properly removable under *28 U.S.C., §1441(a)* because the United States District Court has original jurisdiction pursuant to *28 U.S.C., §1332(a)*. This action is timely removable pursuant to *28 U.S.C., §1446(b)*. Defendant State Farm Lloyds received notice of this suit when it was served with Citation on July 7, 2015. However, the Complaint served failed to plead a monetary amount in controversy, invoking removal jurisdiction. Subsequently, "other paper"

documentation was discovered by State Farm Lloyds on August 4, 2015 demonstrating that the amount in controversy exceeds the removal jurisdiction threshold amount of $75,000, exclusive of interest and costs. This removal petition is filed within 30 days thereafter. *28 U.S.C. § 1446(b)(3).* In removal practice, when a Complaint does not allege an amount of monetary damages, the party invoking federal jurisdiction must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the Complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy." *St. Paul Reinsurance Company v. Greenberg*, 134 F.3rd 1250, 1253, (5th Cir. 1998).

### III.

The Plaintiffs are natural persons and residents of the State of Texas. Defendant State Farm Lloyds is an association of underwriters, whose citizenship for traditional diversity purposes is defined by the citizenship of its underwriters. *See Crinion v. State Farm Lloyds*, No. 08-1983, 2008 WL 4649653 (S.D. Tex. Oct. 10, 2008). None of Defendant State Farm Lloyds' underwriters are citizens of Texas. "State Farm Lloyds is a domestic 'Lloyds Plan' unincorporated association of members, as contemplated by Texas law." *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp., 568, 569 (S.D. Tex. 1998); *see Royal Ins Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3rd 877, 882, 883 (5th Cir. 1993), *citing Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). "[F]or purposes of determining whether diversity jurisdiction exists, we conclude the members of a Lloyds group are the underwriters alone." *Massey*, 993 F. Supp. at 569.

### IV.

Plaintiffs' Original Petition, their Complaint, pleads breach of contract and conclusory extra-contractual and causes of action purportedly arising from an alleged hail and wind storm occurring on October 18, 2012 in Edinburg, Hidalgo County, Texas. The Complaint fails to plead an amount in controversy, merely asserting in the "Prayer," Paragraph XII, that Plaintiffs seek [recovery of] "a sum within the jurisdictional limits of this court." No specific monetary amount of damages is plead, as required by *Texas Rule of Civil Procedure* 47. Due to such failure, State Farm filed Special Exceptions to the Plaintiffs' Original Petition in its Answer, ¶ I(F). Defendant also promptly filed a Plea in Abatement due to the Plaintiffs' failure to provide State Farm Lloyds with a pre-suit notice of monetary demand, as required by *the* Texas Insurance Code. *Tex. Ins. Code Ann.* § 541.154 (2009). Plaintiffs then "cured" the abatement issue by serving upon State Farm Lloyds their post-suit demand letter of August 4, 2015, claiming economic damages of $34,847.29, statutory penalty interest damages of $6,272.51, "emotional" damages of $10,000, "bad faith/treble" damages of $69,694.58, and $74,745.12 in attorneys fees, an amount in controversy of $198,539.50. **(Exh. A)**. If a case is not removable on the initial pleading, "*a notice of removal may be filed within thirty days of receipt by Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first* ascertained that case is one which is, or has become, removable…". *28 U.S.C. § 1446(b)(3).*

### V.

Notice of Removal to the United States District Court has been provided to the 139TH Judicial District Court of Hidalgo County, Texas, from which this suit originated and to counsel for Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED**, Defendant State Farm Lloyds prays that this action be removed to the United States District Court for the Southern District of Texas, McAllen Division; that it be afforded judgment; and, for such other and further relief that it may be entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Phone: (956) 428-7495
Fax: (956) 428-2954

By: /s/ *Craig H. Vittitoe*
    CRAIG H. VITTITOE
    State Bar No. 20593900
    Federal I.D. No. 18756
    *chvittitoe@adamsgraham.com*
    SCOTT T. CLARK
    State Bar No. 00795896
    Federal I.D. No. 21676
    *sclark@adamsgraham.com*

*COUNSEL FOR DEFENDANT,*
**STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 7TH day of August, 2015:

**VIA E-SERVICE TO: hmontano@danielsantoslaw.com**

Daniel Santos
**LAW OFFICE OF
  DANIEL SANTOS, P.C.**
605 E. Violet, Suite 3
McAllen, Texas 78504

/s/ *Craig H. Vittitoe*
Craig H. Vittitoe

# Law Office of

# DANIEL SANTOS, P.C.

August 4, 2015

*Via E-Mail:* chvittitoe@adamsgraham.com
Mr. Craig H. Vittitoe
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429

Re:  Insured:         Orelia Flores
     Policy Number:   83-BD-S237-4
     Claim Number:    53-4P24-290
     DOL:             October 18, 2012

Dear Mr. Vittitoe:

    This firm represents Mrs. Orelia and Mr. Ruben Flores in regards to the above referenced claim, under her homeowner's policy (the "Policy"), for damages their home and property sustained as a result of an October 18, 2012 hail and windstorm (the 'Loss').

    On or about October 18, 2012 a severe hail and windstorm struck Edinburg, Texas causing widespread residential and commercial property damage, including to your insured's home. Immediately after the storm, Mrs. Flores notified State Farm Lloyds of the Loss in compliance with the Policy. State Farm Lloyds sent out an adjuster to inspect the Loss, at the conclusion of which State Farm Lloyds adjuster prepared an estimate resulting in Net Claim of less than $3,216.00. State Farm Lloyds estimate falls well below the actual covered damages under the Policy. In support, I am attaching an estimate for covered damages in the amount of $34,847.29. Thus, the total contractual damage still owed your insured is $34,847.29.

    Because of State Farm Lloyds nonpayment, my Client has been forced to seek redress under the law. The following is a list of damages under the insurance code, breach contract, fraud and DTPA to which my Client is now entitled:


EXHIBIT A

Letter to Mr. Vittitoe
August 4, 2015
Page 2 of 4

---

## CONTRACTUAL

| | |
|---|---|
| Contractual Still Owed | $34,847.29 |
| 18% (1.0 yrs.) | $6,272.51 |
| Attorney's Fees | $23908.37 |
| TOTAL | $65,028.17 |

## EXTRA-CONTRACTUAL

| | |
|---|---|
| Emotional Distress | $10,000.00 |
| Bad Faith/Treble Damages | $69,694.58 |
| Attorney's Fees | $50,816.75 |
| TOTAL | $133,511.33 |

**GRAND TOTAL**   **$198,539.50**

### Insurance code Notice

Please be advised that the facts and circumstances set forth above give rise to claims by my Client under Chapter 541.060 of the Texas Insurance Code, because State Farm Lloyds made several representations and/or misrepresentations and engaged in unfair and deceptive acts or practices in the business of insurance as follows:

a. failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of this claim with respect to which liability has become reasonably clear [541.060 (2) (A)];

b. refusing to pay this claim without conducting a reasonable investigation [541.060(7)];
c. representing and/or misrepresenting material facts and/or policy provisions relating to coverage at issue [541.060(3)]; and,

As a result of this knowing violation of the Texas Insurance Code, my client has a remedy under Chapter 541.152 and is entitled to court costs and reasonably attorney's fees.

### DTPA Notice

The facts and circumstances set forth above give rise to claims by my Client under the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA) because of State Farm Lloyds' violation of the express provisions of this consumer protection statue. State Farm Lloyds took unfair advantage of my Client as a consumer to a grossly unfair degree and represented/misrepresented and engaged in unfair and deceptive acts or practices by:

Letter to Mr. Vittitoe
August 4, 2015
Page 3 of 4

a. failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of this claim with respect to which liability has become clear;
b. refusing to pay this claim without conducting a reasonable investigation;
c. representing/misrepresenting material facts and/or policy provisions relating to coverage at issue;
d. failing to provide promptly a reasonable explanation of the basis in the policy, in relation to the facts of application of law, for the denial of the claim or for an offer of a compromise settlement of the claim; and,

The above-described course of action and conduct was unconscionable, thereby violating the DTPA Sections 17.50(a)(3) and (a)(4), for which my Client will institute a lawsuit to recover economic and mental anguish damages. As a proximate result of State Farm Lloyds'_knowing and intentional violation of the DTPA, my Client is entitled to recover (2) times the amount of economic damages sustained, plus court costs and reasonable attorney's fees.

## Breach of Contract Notice

State Farm Lloyds issued a contract of insurance to Mrs. Flores that covered her dwelling to repair/replace damages from a hail and windstorm. The contract of insurance was accepted and premiums were paid in a timely manner. My Client has made a claim for her damages, but State Farm Lloyds has failed and/or refused to adequately and timely compensate her under the contract. My client has now been forced to hire an attorney in an effort to compel State Farm Lloyds to comply with its contractual duties.

## Demand

The purpose of this letter is to allow State Farm Lloyds to respond and thus encourage you to resolve my Client's claim in a fair, timely and reasonable manner. In the event that State Farm Lloyds fails to take advantage of this offer of settlement, we will seek the full measure of damages (including treble damages, attorney fees and court costs) to which my Client is entitled.

**Therefore, please be advised that I would recommend to my Client that she accept $68,000.00 as full and complete settlement of this claim. Of course, we reserve the right to adjust this amount to conform to the information and additional evidence that will be available to us at the time of trial. Please note that interest continues to accrue daily and attorney's fees continue to accrue as work is performed.**

Should State Farm Lloyds fail to accept this offer of settlement in full within 60 days, said offer will be deemed to have automatically expired.

Letter to Mr. Vittitoe
August 4, 2015
Page 4 of 4

---

    Thank you for your cooperation and attention to this matter. I look forward to hearing from you in the near future.

    Sincerely,

**LAW OFFICE OF DANIEL SANTOS, P.C.**

Daniel Santos

DS/hm
Encl: Estimate & Photos