## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| ORELIA FLORES AND | § | |
| RUBEN FLORES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.:_____ |
| | § | |
| | § | **(JURY DEMANDED)** |
| STATE FARM LLOYDS | § | |

## INDEX OF MATTERS FILED IN STATE COURT

1. Copy of state court Docket Sheet;

2. Copy of Plaintiffs' Original Petition;

3. Citation;

4. Copy of Defendant's Original Answer; and

5. Copy of Defendant's Jury Demand.

6. Copy of Defendant's Plea in Abatement.

7. Copy of Order Setting Hearing on Defendant's Plea in Abatement.

8. Copy of Defendant's Notice of Removal (State Court).

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Phone: (956) 428-7495
Fax: (956) 428-2954

By: /s/   *Craig H. Vittitoe*
      CRAIG H. VITTITOE
      State Bar No. 20593900
      Federal I.D. No. 18756
      *chvittitoe@adamsgraham.com*
      SCOTT T. CLARK
      State Bar No. 00795896
      Federal I.D. No. 21676
      *sclark@adamsgraham.com*

Attorneys for Defendant STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 7TH day of August, 2015:

**VIA E-SERVICE TO: hmontano@danielsantoslaw.com**

Daniel Santos
**LAW OFFICE OF**
  **DANIEL SANTOS, P.C.**
605 E. Violet, Suite 3
McAllen, Texas 78504

      /s/  *Craig H. Vittitoe*
      Craig H. Vittitoe

# TAB 1

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back

Location : All Courts

# REGISTER OF ACTIONS
## CASE NO. C-1704-15-C

| Ruben Flores and Orelia Flores VS. State Farm Lloyds | § | Case Type: | Contract - Consumer/Commercial/Debt (OCA) |
|---|---|---|---|
| | § | Date Filed: | 04/23/2015 |
| | § | Location: | 139th District Court |
| | § | | |
| | § | | |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **State Farm Lloyds** | **CRAIG H. VITTITOE**<br>*Retained*<br>956-428-7495(W) |
| **Plaintiff** | **Flores, Orelia** | **DANIEL R. SANTOS**<br>*Retained*<br>956-630-5781(W) |
| **Plaintiff** | **Flores, Ruben** | **DANIEL R. SANTOS**<br>*Retained*<br>956-630-5781(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 04/23/2015 | Original Petition (OCA) | | |
| 04/24/2015 | Citation | | |
| | *HMONTANO@DANIELSANTOSLAW.COM* | | |
| | State Farm Lloyds | Served | 07/03/2015 |
| | | Returned | 07/10/2015 |
| 04/24/2015 | Service Issued | | |
| 07/10/2015 | Service Returned | | |
| | *State Farm Lloyds served 7/3/15* | | |
| 07/17/2015 | Answer | | |
| | *DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER* | | |
| 07/17/2015 | Jury Demand | | |
| | *DEFENDANTS' JURY DEMAND* | | |
| 07/27/2015 | Plea in Abatement | | |
| | *DEFENDANT STATE FARM LLOYD'S PLEA IN ABATEMENT* | | |
| 07/27/2015 | Order Filed | | |
| | *ORDER SETTING HEARING ON DEFENDANT'S PLEA IN ABATEMENT* | | |
| 07/29/2015 | E-Filing Forwarded to Court Queue | | |
| | *ORDER SETTING HEARING ON DEFENDANT'S PLEA IN ABATEMENT* | | |
| 07/29/2015 | Order Setting Hearing, Signed | | |
| | *ON DEFENDANT'S PLEA IN ABATEMENT SET FOR AUG. 6, 2015 @ 9AM* | | |
| 08/04/2015 | Notice Sent | | |
| | *OSH SENT TO DANIEL SANTOS AND CRAIG VITTITOE* | | |
| 08/05/2015 | Rule 11 Agreement, Filed | | |
| 08/06/2015 | *CANCELED Hearing (9:00 AM) (Judicial Officer Flores, Bobby)* | | |
| | *Attorney Agreement* | | |
| | *DEF'S PLEA IN ABATEMENT* | | |

---

### FINANCIAL INFORMATION

| | **Defendant State Farm Lloyds** | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 36.00 |
| | Total Payments and Credits | | | 36.00 |
| | **Balance Due as of 08/07/2015** | | | **0.00** |
| 07/17/2015 | Transaction Assessment | | | 32.00 |
| 07/17/2015 | EFile Payments from TexFile | Receipt # DC-2015-53278 | State Farm Lloyds | (32.00) |
| 07/28/2015 | Transaction Assessment | | | 2.00 |
| 07/28/2015 | EFile Payments from TexFile | Receipt # DC-2015-56052 | State Farm Lloyds | (2.00) |
| 08/05/2015 | Transaction Assessment | | | 2.00 |
| 08/05/2015 | EFile Payments from TexFile | Receipt # DC-2015-101559 | State Farm Lloyds | (2.00) |

| | **Plaintiff Flores, Ruben** | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 274.00 |
| | Total Payments and Credits | | | 274.00 |
| | **Balance Due as of 08/07/2015** | | | **0.00** |
| 04/23/2015 | Transaction Assessment | | | 272.00 |
| 04/23/2015 | EFile Payments from TexFile | Receipt # DC-2015-31008 | Flores, Ruben | (272.00) |
| 07/10/2015 | Transaction Assessment | | | 2.00 |
| 07/10/2015 | EFile Payments from TexFile | Receipt # DC-2015-51459 | Flores, Ruben | (2.00) |

# TAB 2

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-1704-15-C**

| | | |
|---|---|---|
| ORELIA FLORES and RUBEN | § | IN THE DISTRICT COURT |
| FLORES | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

Now come ORELIA FLORES and RUBEN FLORES, Plaintiffs, complaining of Defendant, STATE FARM LLOYDS (hereinafter referred to as "STATE FARM") and for cause of action would respectfully show unto the Court the following:

I.

### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

II.

### PARTIES AND SERVICE

Plaintiffs ORELIA FLORES and RUBEN FLORES, are residents of Hidalgo County, Texas.

Defendant, STATE FARM LLOYDS, is an insurance company engaging in the business of

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1704-15-C**

insurance in the State of Texas. This defendant may be served with process via certified mail, return

receipt requested, by serving its Registered agent Fred J. Marsh at 17031 Preston Road, Dallas, Texas 75252,

or wherever he may be found.

## III.

### JURISDICTION AND VENUE

The Court has Jurisdiction over this cause of action because the amount in controversy is

within the jurisdictional limits of the Court,

The Court has jurisdiction over Defendant STATE FARM because this defendant is a Texas

insurance company that engages in the business of insurance in the State of Texas and Plaintiffs causes of

action arise out of this defendant's business activities in the State of Texas.

Venue is proper in Hidalgo County, Texas because the insured property is situated in Hidalgo

County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15,002.

## IV.

### FACTS

Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as

"the Policy"), which was issued by STATE FARM.

Plaintiffs own the insured property, which is specifically located at 7014 Tex Mex Rd.,

Edinburg, Texas in Hidalgo County (hereinafter referred to as "the Property").

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1704-15-C**

STATE FARM sold to Plaintiffs the Policy insuring the Property.

On or about October 18, 2012, a wind and hailstorm (hereinafter referred to as "the storm") struck Edinburg, Texas causing severe damage to homes and business throughout the area, including Plaintiffs' property. Plaintiffs' property sustained severe roof, elevation, and interior water damage as a result of the storm.

Plaintiffs immediately contacted STATE FARM in order to file a claim for the damages to their home. STATE FARM assigned an adjuster to adjust the claim. The adjuster was charged with investigating the claim and communicating with Plaintiffs about the Policy terms. The adjuster inspected Plaintiffs property on or about July 7, 2014. During the inspection, the adjuster was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' claim, including determining the cause of and then quantifying the damage done to Plaintiffs' home. Subsequent to his inspection, the adjuster prepared a repair estimate which vastly underscoped the actual covered damages to the home, thus demonstrating he did not conduct a thorough investigation of the claim.

The adjuster failed to fairly evaluate and adjust Plaintiffs' claim as he is obligated to do under the Policy and Texas law. By failing to properly investigate the claim, preparing a vastly underscoped estimate which resulted in a wholly inaccurate claim payment, the adjuster engaged in unfair settlement practices by misrepresenting material facts to Plaintiffs that the covered damage to the home was much less than it is actually is.

STATE FARM wrongfully denied Plaintiffs' claim for repairs to the Property, even though

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1704-15-C**

the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, STATE FARM failed to pay Plaintiffs' claim by not providing coverage for the damages sustained by Plaintiffs.

To date, STATE FARM continues to delay in the payment for the damages to the Property.

STATE FARM and the adjuster failed to perform their contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, STATE FARM and adjuster wrongfully denied Plaintiffs full claim for proceeds under the Policy, although due demand was made for full proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. STATE FARM's and adjuster's conduct constitutes a breach of the insurance contract between STATE FARM and Plaintiffs.

STATE FARM and adjuster misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. STATE FARM's and adjuster's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(1).

STATE FARM and adjuster failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. STATE FARM'S and adjuster's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX, INS. CODE §541.060(a)(2)(A).

STATE FARM and adjuster failed to explain to Plaintiffs any valid reason for their offer of an inadequate settlement. Specifically, STATE FARM and adjuster failed to offer Plaintiff full

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1704-15-C**

compensation, without any valid explanation why full payment was not being made. Furthermore, STATE FARM and adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any reasonable, valid explanation for the failure to adequately settle Plaintiffs' claim. STATE FARM's and adjuster's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

STATE FARM and adjuster failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, STATE FARM and adjuster have delayed full payment of Plaintiffs' claim and, to date, Plaintiffs' have not received full payment for their claim, STATE FARM's and adjuster's conduct constitute a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS, CODE §542,058.

STATE FARM and adjuster knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

Because of STATE FARM'S and adjuster's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1704-15-C**

V.

## CAUSES OF ACTION
## FRAUD

STATE FARM and adjuster are liable to Plaintiffs for common law fraud.

Each and every one of the representations, as described above, concerned material facts, since absent such representations, Plaintiffs would not have acted as it did, STATE FARM and adjuster knew such representations were false or made recklessly without any knowledge of its truth as a positive assertion.

The statements were made with the intention that it should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

VI.

## BREACH OF CONTRACT

Defendant STATE FARM's conduct constitutes a breach of the insurance contract between STATE FARM and Plaintiffs.

Defendant STATE FARM's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of STATE FARM' s insurance contract with Plaintiffs.

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1704-15-C**

### VII.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

STATE FARM's and adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX, INS. CODE §541.060(a). All violations under this article are made actionable by I EX, INS. CODE §541.,151.

STATE FARM's and adjuster's unfair settlement practice, as described above, of misrepresenting to Plaintiffs' material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

STATE FARM's and adjuster's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though STATE FARM's and adjuster's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

STATE FARM's and adjuster's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1704-15-C**

## VIII.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

STATE FARM's and adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by I EX. INS, CODE §542.060.

STATE FARM' s and adjuster's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

STATE FARM's and adjuster's delay of the payment of Plaintiffs' claim following their receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim, TEX. INS. CODE §542.058.

## IX.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

STATE FARM'S and adjuster's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds.

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1704-15-C**

STATE FARM's and adjuster's failure, as described above, to adequately and reasonably

investigate and evaluate Plaintiffs' claim, although, at that time, STATE FARM and adjuster knew

or should have known by the exercise of reasonable diligence that liability was reasonably clear,

constitutes a breach of the duty of good faith and fair dealing.

## X.

## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly," as

that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages

described herein.

## XI.

## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly,

constitutes the producing causes of the damages sustained by Plaintiffs.

The damages have not been properly addressed or repaired in the months since the damages

were first found and reported, causing further damage to the Property, and causing undue hardship

and burden to Plaintiffs. These damages are a direct result of Defendants STATE FARM's and

adjuster's mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of his bargain, which is

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1704-15-C

the amount of his claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times his actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Electronically Filed
4/23/2015 2:53:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1704-15-C**

## XII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against Defendant for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for prejudgment interest; and, for such other and further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF DANIEL SANTOS, P.C.**

*/s/ Daniel Santos*

_____

Daniel Santos
State Bar No. 24034666
605 E. Violet Ave., Ste. 3
McAllen, Texas 78504
Tel: (956) 630-5781
Fax: (956) 630-0872

Albert Ortiz
W/S No/ANA Rd.
DONNA, Texas 78537

7014 1200 0001 7441 2231

U.S. POSTAGE
PAID
ALAMO, TX
JUN 26 '15
AMOUNT
$7.67
00075082-12

UNITED STATES POSTAL SERVICE
1000

RECEIVED
JUL - 7 2015
EXECUTIVE

RECEIVED
JUL 0 9 2015
TLRG

State Farm L Loyds
Fred J. Marsh
17031 Preston Rd.
Dallas, Texas 75252



# Express Pad Pak

# TAB 3

C-1704-15-C
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS** RECEIVED

JUL - 7 2015

**CITATION**

EXECUTIVE

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**State Farm Lloyds**
**Registered Agent, Fred J. Marsh**
**17031 Preston Rd.**
**Dallas, TX 75252**

RECEIVED

JUL 0 9 2015

TLRG

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 23rd day of April, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-1704-15-C, **RUBEN FLORES, ORELIA FLORES VS. STATE FARM LLOYDS**

Said Petition was filed in said court by DANIEL R. SANTOS; 605 E VIOLET AVE STE 3 MCALLEN TEXAS 78504 .

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 24th day of April, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____  _____
**KRYSTAL HIDALGO, DEPUTY CLERK**

C-1704-15-C
**OFFICER'S RETURN**

Came to hand on _26_ of _June_, 201_5_ at _12:30_ o'clock _P_.m. and executed in _Dallas_ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _Petition_ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Fred J. Marsh | | | Dallas Texas |

By Certified mail

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Albert Garcia_, my date of birth is _6/15/45_ and the address is _1615 Nolana Rd Donna, TX_, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _Dallas_ County, State of Texas, on the _____ day of _June_, 201_5_.
By Certified mail

_albert garcia_
**Declarant"**

_SCH #489 expires 12/31/17_

**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

# TAB 4

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

## CAUSE NO.  C-1704-15-C

| | | |
|---|---|---|
| ORELIA FLORES AND | : | IN THE DISTRICT COURT |
| RUBEN FLORES | : | |
| | : | |
| VS. | : | HIDALGO COUNTY, TEXAS |
| | : | |
| STATE FARM LLOYDS | : | 139TH JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW the Defendant, **STATE FARM LLOYDS** ("State Farm"), filing its Original Answer to Plaintiffs' Original Petition, respectfully showing as follows:

### I.

### Special Exceptions

A.      State Farm specially excepts to Plaintiffs' Original Petition in its entirety due to the failure to satisfy conditions precedent.

B.      State Farm specially excepts to Plaintiffs' Original Petition, Paragraph IV and Paragraph VII (inclusive), generally referencing "...Unfair Settlement Practices" and vaguely complaining of alleged violations of the *Texas Insurance Code*, Section 541, but failing to plead the specific facts and circumstances in particular support of any alleged statutory violation and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiffs to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

C.      State Farm specially excepts to Plaintiffs' Original Petition, Paragraph IV and Paragraph VIII (inclusive), generally referencing "...The Prompt Payment of Claims" and vaguely complaining of alleged violations of the *Texas Insurance Code*, Section 542, but failing to plead the specific facts and circumstances in particular support of any alleged statutory violation and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiffs to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

D.      State Farm specially excepts to Plaintiffs' Original Petition, Paragraph V, generally referencing "Fraud" and vaguely complaining of this alleged common law action, but failing to plead the specific facts and circumstances in particular support of the common law cause of action and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiffs to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled

E.      State Farm specially excepts to Plaintiffs' Original Petition, Paragraph IX, generally referencing a claim of "breach of the duty of good faith and fair dealing" and vaguely complaining of such a cause of action, but failing to plead the specific facts and circumstances in support of this common law cause of action and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiffs to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

F.      State Farm specially excepts to Plaintiffs' Original Petition, Paragraph X, generally referencing a claim of "Damages" and globally pleading for statutory recovery damages pursuant to the *Texas Insurance Code*, damages for breach of contract, fraud, breach of the implied contract of good faith and fair dealing, and in addition, pleading a claim for an "exemplary" damages recovery, but failing to plead the specific facts and circumstances supporting the alleged statutory violations, including the facts and circumstances supporting the claim for "exemplary" damages recovery.   In addition, Plaintiffs fail to plead their maximum alleged damages in compliance with Rule 47, Tex. R. Civ. Proc.   Without pleading their maximum damages sought, including their respectively alleged actual damages, alleged statutory "additional" damages, and their alleged punitive damages sought, Plaintiffs fail to comport to the pleading disclosure requirements of the rules and the case law.   Without full and complete disclosure, Defendant is at a distinct disadvantage in pursuing discovery, selecting a jury, presenting the factual evidence at trial and arguing the case before the jury and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

Plaintiffs to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

## II.

## Denial of Conditions Precedent

Defendant denies that Plaintiffs have satisfied conditions precedent to bring this suit and prays for judgment.

## III.

## Plea in Abatement

Defendant gives notice that it may amend (or file a motion) to seek the abatement of this suit due to the failure of the Plaintiffs to provide an adequate and timely pre-suit statutory notice of their specific factual claims and causes of action, together with the total amount of damages and attorneys fees sought.

## IV.

## General Denial

Defendant denies each and every material allegation contained in the Plaintiffs' Original Petition and says that the same are not true, in whole or in part.

## V.

## Bona Fide Dispute

Defendant pleads the affirmative defense of a bona fide dispute arising from the extra-contractual tort allegations made a part of this suit.

## VI.

## Pleas, Affirmative Defenses, Limitations of Coverage, and Statute of Limitations

A.      State Farm acknowledges the issuance of a Texas Homeowner's Policy to Named Insured, Orelia Flores.  The policy contains the following terms, conditions, requirements and exclusions applicable to Plaintiffs' claims as follows:

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

**"SECTION I - LOSSES INSURED**

**COVERAGE A - DWELLING**

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED**

....

**SECTION I - LOSSES NOT INSURED**

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    ...

    c.  freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a swimming pol, hot tub or spa, including their filtration and circulation systems, fence, pavement, aptio, foundation, retaining wall, bulkhead, pier wharf or dock;

    ...

    g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    ...

    h.  corrosion, electrolysis or rust;

    i.  mold, fungus or wet or dry rot;

    ....

    l.  settling, cracking shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

    ...

    However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    ...

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

b.   **Earth Movement**, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, erosion or movement resulting from improper compaction, site selection or any other external forces. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in **SECTION 1 - ADDITIONAL COVERAGES, Volcanic Action**.

However, we do insure for any direct loss by fire resulting from earth movement, provided the resulting fire loss is itself a Loss Insured.

c.   **Water Damage**, meaning:

(1)   flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

(2)   water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3)   water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

However, we do insure for any direct loss by fire, explosion or theft resulting from water damage, provided the resulting loss is itself a Loss Insured.

3.   We do not insure under any coverage for any los consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following : (a) directly or indirectly cause, contribute to or aggravate the loss, or (b) occur before, at the same time, or after the loss or any other cause of the loss:

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

a.　　conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

b.　　defect, weakness, inadequacy, fault or unsoundness in:

　　　(1)　　planning, zoning, development, surveying, siting;

　　　(2)　　design, specifications, workmanship, construction, grading, compaction;

　　　(3)　　materials used in construction or repair, or;

　　　(4)　　maintenance.

　　　of any property, including land, structures, or improvements of any kind, whether on or off the **residence premises**; or

c.　　weather conditions.

## COVERAGE A LOSS SETTLEMENT ENDORSEMENT

## SECTION I - LOSS SETTLEMENT

**COVERAGE A - DWELLING** (Applicable to HOMEOWNERS POLICY)

**A1 - Replacement Cost Loss Settlement - Similar Construction** is replaced with the following:

a.　　We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations, COVERAGES, COVERAGE A - DWELLING**, except for wood fences, subject to the following:

　　　(1)　　until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

　　　(2)　　when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3)    to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after he date of loss, and notify us within 30 days after the work has been completed; and

(4)    we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL - Building Ordinance or Law Coverage**.

b.    Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for **COVERAGE A - DWELLING EXTENSION**.

## COVERAGE B - PERSONAL PROPERTY

1.    B1 - Limited Replacement Cost Loss Settlement.

a.    We will pay the cost to repair or replace property covered under **SECTION 1 - COVERAGES, COVERAGE B - PERSONAL PROPERTY**, except for property listed in item b. below, subject to the following:

(1)    until repair or replacement is completed, we will pay only the cost to repair or replace less depreciation;

(2)    after repair or replacement is completed, we will pay the difference between the cost to repair or replace less depreciation and the cost you have actually and necessarily spent to repair or replace the property; and

(3)    if property is not repaired or replaced within two years after the date of loss, we will pay only the cost to repair or replace less depreciation.

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

    b.     We will pay market value at the time of loss for:

        (1)    antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;

        (2)    articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs and collectors items; and

        (3)    property not useful for its intended purpose.

However, we will not pay an amount exceeding the smallest of the following for items a. and b. above:

        (1)    our cost to replace at the time of loss;

        (2)    the full cost of repair;

        (3)    any special limit of liability described in the policy; or

        (4)    any applicable Coverage B limit of liability.

## SECTION I - CONDITIONS

...

2.    **Your Duties After Loss.**  After a loss to which this insurance may apply, you shall see that the following duties are performed:

    (a)    give immediate notice to us or our agent.  Also notify the police if the loss is caused by theft.  Also notify the credit card company or bank if the loss involved a credit car or bank fund transfer card;

    (b)    protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

    (c)    prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss.  Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

    (d)    as often as we reasonably require:

        (1)    exhibit the damaged property;

        (2)    provide us with records and documents we request and permit us to make copies;

        (3)    submit to and subscribe, while not in the presence of any other insured:

            (a)    statements; and

            (b)    examinations under oath; and

        ..."

B.    State Farm denies the occurrence of the conditions precedent: prompt notice, protection of property from further damage, and reasonable and necessary repairs to protect the property.

C.    State Farm denies any breach of duty to the Plaintiffs, including any breach of duty of good faith and fair dealing.

D.    State Farm denies violation of any provision of the *Texas Insurance Code* in the handling of the Plaintiffs' claims for insurance proceeds.

E.    State Farm denies that it violated any fiduciary duty or responsibility it may have owed to the Plaintiffs with regard to the issuance, investigation, handling and determination of the their claims for insurance proceeds.

F.    State Farm denies that the Plaintiffs are entitled to recover attorney's fees as there has been no breach of the insurance contract issued by State Farm by virtue of the handling of the claim for homeowner's insurance benefits. In addition, State Farm has not violated any statutory obligation that would give rise to a claim for recovery of attorney's fees.

G.    State Farm affirmatively pleads that the Plaintiffs failed to mitigate their damages.

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

H.      State Farm affirmatively prays for the award of its litigation costs, pursuant to Chapter 42, Tex. Civ. Prac. & Rem. Code and Rule 167, Tex. R. Civ. Proc.

## VII.

## Defenses As To Punitive Damages

State Farm affirmatively pleads the unconstitutionality of punitive, exemplary or enhanced damages and/or that any judgment for the same are unenforceable due to the following:

A.      On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature and Plaintiff should, therefore, be required to prove the basis of such damages beyond a reasonable doubt; the failure to require Plaintiff to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of America and the State of Texas.

B.      On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provisions of the Constitutions of the United States of America and the State of Texas.

C.      On their face and as applied to the facts of this case, under Texas law, the measure of damages is so vague and ambiguous that the basis of such damages can not clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an *ex post facto* law, which is prohibited by the Constitutions of the United States of America and the State of Texas.

D.      On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same Constitution.

E.      On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would result in the imposition of grossly excessive or arbitrary punishment on Defendant in violation of the Fourteenth Amendment Due Process

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

Clause of the Constitution of the United States of America. *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003).

F.     Additionally and in the alternative, State Farm pleads the statutory definitions, standards, restrictions, and monetary "caps" applicable to any possible exemplary damages recovery, including the limitation on the total amount of any such recovery;  Civ. Prac. & Rem. Code, §41.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that, upon final hearing, Plaintiffs not recover as prayed for in Plaintiffs' Original Petition; that the Court award Defendant its costs; and, for all other relief, at law or in equity, which the Defendant may show just entitlement to receive.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the __17TH__ day of July, 2015:

**VIA E-SERVICE TO: hmontano@danielsantoslaw.com**

Daniel Santos
**LAW OFFICE OF**
  **DANIEL SANTOS, P.C.**
605 E. Violet, Suite 3
McAllen, Texas 78504                       By: __/s/Craig H. Vittitoe_____
                                                      Craig H. Vittitoe
                                                      State Bar No. 20593900
                                                      chvittitoe@adamsgraham.com
                                                      Scott T. Clark
                                                      State Bar No. 00795896
                                                      sclark@adamsgraham.com

# TAB 5

Electronically Filed
7/17/2015 11:51:54 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

## CAUSE NO. C-1704-15-C

| | | |
|---|---|---|
| ORELIA FLORES AND | : | IN THE DISTRICT COURT |
| RUBEN FLORES | : | |
| | : | |
| VS. | : | HIDALGO COUNTY, TEXAS |
| | : | |
| STATE FARM LLOYDS | : | 139TH JUDICIAL DISTRICT |

## DEFENDANT'S JURY DEMAND

TO THE HONORABLE JUDGE OF THE COURT:

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant **STATE FARM LLOYDS** has deposited the jury fee of Thirty and No/100 Dollars ($30.00) with the District Clerk of Hidalgo County, Texas and does make its Jury Demand in the above-styled and numbered cause.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the ___17TH__ day of July, 2015:

**VIA E-SERVICE TO: hmontano@danielsantoslaw.com**
Daniel Santos
**LAW OFFICE OF
  DANIEL SANTOS, P.C.**
605 E. Violet, Suite 3
McAllen, Texas 78504

By:  __/s/Craig H. Vittitoe_____
     Craig H. Vittitoe
     State Bar No. 20593900
     chvittitoe@adamsgraham.com
     Scott T. Clark
     State Bar No. 00795896
     sclark@adamsgraham.com

# TAB 6

Electronically Filed
7/27/2015 4:35:40 PM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

## CAUSE NO.  C-1704-15-C

| | | |
|---|---|---|
| ORELIA FLORES AND | : | IN THE DISTRICT COURT |
| RUBEN FLORES | : | |
| | : | |
| VS. | : | HIDALGO COUNTY, TEXAS |
| | : | |
| STATE FARM LLOYDS | : | 139TH JUDICIAL DISTRICT |

### DEFENDANT STATE FARM LLOYDS' PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW the Movant, Defendant State Farm Lloyds, requesting the Court to abate this litigation upon the following grounds:

### I.

Plaintiffs purport in their petition to seek relief under the provisions of the *Texas Insurance Code*. The statute requires, as a prerequisite to filing a lawsuit, that Plaintiffs serve written notice providing their specific complaint, the amount of actual damages and expenses, including attorneys fees, at least sixty (60) days before the lawsuit is filed. Movant did not receive written notice from the Plaintiffs as required.

WHEREFORE, PREMISES CONSIDERED, Movant requests that this cause be automatically abated on the eleventh (11th) day after this Plea is filed or, if this Plea is properly controverted, that the Court hear evidence and find that notice was not provided as required or that the suit is abated, in either event, until the sixtieth (60th) day after the Plaintiffs serve Movant with the proper written notice as required by law.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

## AFFIDAVIT IN SUPPORT OF PLEA IN ABATEMENT

STATE OF TEXAS          )
                        :
COUNTY OF CAMERON   )

BEFORE ME, the undersigned authority, personally appeared **CRAIG H. VITTITOE**, who, under oath, deposed as follows:

1.  My name is **Craig H. Vittitoe**. I am over eighteen (18) years of age and mentally competent to make this affidavit. This affidavit is upon my personal knowledge.
2.  I am legal counsel of record in the above-referenced cause for Defendant State Farm Lloyds.
3.  The factual averment contained within the annexed Plea in Abatement is true and correct.

Further Affiant sayeth not.



CRAIG H. VITTITOE, COUNSEL For
**STATE FARM LLOYDS**

SWORN TO AND SUBSCRIBED before me this the **27th** day of July, 2015.

Notary Public, State of Texas

KRISTIN M ADAMS
Notary Public, State of Texas
My Commission Expires
SEPTEMBER 17, 2017

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the **27TH** day of July, 2015:

**VIA E-SERVICE TO: hmontano@danielsantoslaw.com**

Daniel Santos
**LAW OFFICE OF
    DANIEL SANTOS, P.C.**
605 E. Violet, Suite 3
McAllen, Texas 78504

By:   /s/ Craig H. Vittitoe
        Craig H. Vittitoe
        State Bar No. 20593900
        chvittitoe@adamsgraham.com
        Scott T. Clark
        State Bar No. 00795896
        sclark@adamsgraham.com

# TAB 7

Electronically Filed
7/27/2015 4:35:40 PM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

## CAUSE NO. C-1704-15-C

| | | |
|---|---|---|
| ORELIA FLORES AND | : | IN THE DISTRICT COURT |
| RUBEN FLORES | : | |
| | : | |
| VS. | : | HIDALGO COUNTY, TEXAS |
| | : | |
| STATE FARM LLOYDS | : | 206TH JUDICIAL DISTRICT |

## ORDER SETTING HEARING ON DEFENDANT'S PLEA IN ABATEMENT

BE IT REMEMBERED that, on the date shown below, Defendant State Farm Lloyds' **PLEA IN ABATEMENT** having been presented to the Court, the Court is of the opinion that said motion should be set for hearing;

***IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED*** by the Court that said plea should be heard and the same is hereby set for hearing before this Court at __9:00__ o'clock __a__.m. on the __6th__ day of ___August___, 2015.

SIGNED FOR ENTRY on this the __29th__ day of_____July_____, 2015.

**HONORABLE ROSE GUERRA REYNA**
*JUDGE PRESIDING*

Copies to:   Daniel Santos, LAW OFFICE OF DANIEL SANTOS, P.C.,605 E. Violet, Suite 3, McAllen, Texas 78504:**hmontano@danielsantoslaw.com**

Craig H. Vittitoe, ADAMS & GRAHAM, L.L.P., P.O. Drawer 1429, Harlingen, TX 78551-1429; **chvittitoe@adamsgraham.com; kadams@adamsgraham.com**

# TAB 8

## CAUSE NO. C-1704-15-C

| | | |
|---|---|---|
| ORELIA FLORES AND | : | IN THE DISTRICT COURT |
| RUBEN FLORES | : | |
| | : | |
| VS. | : | HIDALGO COUNTY, TEXAS |
| | : | |
| STATE FARM LLOYDS | : | 139TH JUDICIAL DISTRICT |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW Defendant STATE FARM LLOYDS and files this its Notice of Removal and would show the Court as follows:

### I.

This case has been removed to the United States District Court for the Southern District of Texas, McAllen Division.

### II.

A copy of the removal notice filed with the United States District Court was served on Plaintiffs ORELIA FLORES and RUBEN FLORES, by and through their attorney of record.

Respectfully submitted,
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the __7TH__ day of August, 2015:

**VIA E-SERVICE TO: hmontano@danielsantoslaw.com**

Daniel Santos
**LAW OFFICE OF
  DANIEL SANTOS, P.C.**
605 E. Violet, Suite 3
McAllen, Texas 78504

By: _____

      Craig H. Vittitoe
      State Bar No. 20593900
      chvittitoe@adamsgraham.com
      Scott T. Clark
      State Bar No. 00795896
      sclark@adamsgraham.com